focus in the present case both since the trial court's decision was erroneous in several material respects, *see* Majority Opinion, at 400–02, and because its effect was to allow for the admission of specific-conduct-type evidence against the defendant (his constructive possession of a shank) while excluding such evidence relevant to the victim (Missero's assault conviction). In the circumstances, I do not find the other-weapons aspect of the appeal to present a suitable context for adding clarity to the jurisprudence.

In summary, I would reverse the order of the Superior Court, since I agree with the majority that the trial court's actual evidentiary ruling concerning the admissibility of the victim's assault conviction was predicated on an erroneous rationale. Further, to the degree that the question of harmless error resides within the appropriate scope of this appeal, I conclude that the Commonwealth has not satisfied its burden in this regard.

Alla Korenman (f/k/a Alla Burda), Respondent.

Steven Burda, Petitioner

v.

Alla Korenman (f/k/a Alla Burda), Respondent.

Steven Burda, Petitioner

v.

Alla Korenman (f/k/a Alla Burda), Respondent.

Steven Burda, Petitioner

v.

Alla Korenman (f/k/a Alla Burda), Respondent.

Supreme Court of Pennsylvania.

Nov. 3, 2015.

Steven **BURDA**, Petitioner

v.

Alla **KORENMAN** (f/k/a Alla Burda), Respondent.

Steven Burda, Petitioner

v.

Parenthetically, the evidentiary rules do establish some degree of equilibrium when a defendant seeks to prove a character trait of an alleged victim by permitting the Commonwealth to introduce reputation evidence and engage in cross-examination relative to the

*ORDER*

PER CURIAM.

**AND NOW,** this 3rd day of November, 2015, the Petitions for Allowance of Appeal and Applications for Relief are **DENIED.**

same trait of the defendant. *See* Pa.R.E. 404(a)(2)(B)(ii), 405(a). The rules, however, simply do not operate in this fashion relative to evidence of specific instances of conduct. *See* Pa.R.E. 405(b).